## City of Philadelphia v. Farrell

E. G. Bauer, Jr., City Solicitor, by *A. J. Persichetti*, for plaintiff.

*L. V. Farrell*, p. p.

SCHWARTZ, J., June 30, 1964.—This is an appeal from an order entering judgment on the pleadings. The action was instituted by a capias ad respondendum. Plaintiff filed an affidavit to hold to bail which set forth, inter alia, defendant Louis V. Farrell was employed at a United States Government installation in Philadelphia and failed to file wage tax returns for 1954, 1955, 1956, 1957 and 1958. Bail was fixed at $300, which was entered by defendant. The action then proceeded as an action in assumpsit.

Plaintiff filed a complaint in assumpsit seeking to recover the principal sum of $589.74, and also the sum of $500 based on a fine of $100 for each of the years involved, to wit, 1954 to 1958, inclusive.

Defendant, in propria persona, filed an answer to the complaint in assumpsit which admitted all the averments of fact, but denied liability on the ground that

the ordinances providing for payment of wage tax are null and void because they "violate the wording, meaning and intent of Article IX, Section 1, of the Constitution of the Commonwealth of Pennsylvania of 1874, as amended, and are so declared void by Article IX, Section 2, of the Constitution."

Defendant's position is that the tax is not uniform because it exempts from taxation salaries of members of the armed forces who are residents of Philadelphia; and also because the commissioner of revenue has in the past and may in the future exempt certain taxpayers from paying interest and penalties in exchange for information received from employers of such persons.

The constitutionality of the ordinance was sustained in Dole v. Philadelphia, 337 Pa. 375 (1940). Defendant's attack in this case is centered on two amending ordinances. We find that the basis for classification by the taxing authority in this case is entirely reasonable. It recognizes that serving in the armed services represents a sacrifice which should entitle exemption from the type of tax imposed. As to the waiving of interest and penalties in order to obtain cooperation of out-of-State employers, it is a reasonable enactment to facilitate collection of taxes in a difficult area.

However, defendant in his answer avers that plaintiff is not entitled to recover any fine because defendant was brought before Magistrate Benjamin Segal on April 16, 1959, and was fined the sum of $100 and costs.

Since the hearing before the magistrate was held after the violations had occurred, we are unable to ascertain whether the summons charged violation for only one year or for each of the five years involved.

In this motion for judgment on the pleadings, we are of the opinion that the plaintiff is clearly entitled to the principal sum claimed, to wit, $589.74, but is not

entitled to judgment for fines and penalties. It may be that the city may have the right to further prosecution before a magistrate, but in this proceeding recovery must be confined to the sum of $589.74.